UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **Criminal No. 04-355-06 (CKK)** |
| AARON PERKINS, | |
| Defendant. | |

**MEMORANDUM OPINION**
(February 7, 2023)

Pending before this Court is Defendant Aaron Perkins's [1062] Supplemental Motion to

Vacate Judgment under 28 U.S.C. § 2255, and the United States' [1094] Opposition thereto.[1]  Mr.

Perkins' original motion to vacate under 28 U.S.C. § 2255 is docketed at ECF No. 1041.  Defendant

Aaron Perkins ("Defendant" or "Mr. Perkins") is currently serving a sentence of 471 months [34

years, 9 months] after being found guilty on the four counts charged against him, namely, for

conspiracy under Racketeer Influenced Corrupt Organization ("RICO"), in violation of 18 U.S.C.

§ 1962(d) (Count 1), conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371

(Count 2), armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d),

and 2 (Count 15), and using and carrying a firearm (a machine gun) in relation to a  "crime of

violence" (armed bank robbery) and aiding and abetting, in violation of 18 U.S.C. §§

_____

[1] In connection with this Memorandum Opinion and the accompanying Order, this Court
considered: (1) the Order by the D.C. Circuit, No. 16-3027, ECF No. 962 (permitting Defendant's
second or successive Section 2255 motion); (2) Defendant's Supplemental Motion to Vacate
Judgment under 28 U.S.C. § 2255 ("Def.'s Mot."), ECF No. 1062; (3) the United States'
Opposition to Defendant's Motion to Vacate Judgment Under 28 U.S.C. § 2255 ("Govt. Opp'n"),
ECF No. 1094; (4) Defendant's Reply in support of Motion to Vacate Judgment under 28 U.S.C.
§ 2255 ("Def.'s Reply"), ECF No. 66; and (5) the entire record in this case.

In an exercise of its discretion, the Court finds that holding oral argument in this action would
not be of assistance in rendering a decision.  *See* LCrR 47(f).

924(c)(1)(A)(i) (ii) (iii), (B)(i), (B) (ii), and 2 (Count 16).  *See* Verdict, ECF No. 471.

### I. BACKGROUND

Defendant Aaron Perkins and his co-defendants committed a series of six armed bank robberies in the District of Columbia and Maryland, spanning the first six months of 2004.  *See* February 15, 2005 Superseding Indictment, ECF No. 175, at 4-6.  Mr. Perkins participated personally in only one of these robberies – the armed robbery of a Sun Trust Bank in Washington, D.C. on June 29, 2004, whereby $23,000.00 was obtained.  *Id.* at 5, 12-13.  During that robbery, Mr. Perkins acted as a lookout, and he was armed with a fully automatic AK-47 assault weapon.  *Id.* at 13.  Subsequently, Defendant and six of his co-defendants were indicted by a grand jury and each charged with one count of conspiracy to commit armed bank robbery (count 1), one count of armed bank robbery covering all the bank robberies (count 2), one count of felon in possession (count 3), and one count of aiding and abetting (count 4).  *See* Indictment, ECF No. 10.  The Government filed superseding indictments on August 5, 2004 and November 9, 2004, and Defendant notes that it was not until the November 9, 2004 Superseding Indictment, "after plea negotiations and cooperation agreements had largely failed" that the Government charged any of the defendants with a violation of 18 U.S.C. § 924(c) for Using and Carrying a Firearm in Relation to a Federal Crime of Violence.  Def.'s Mot., ECF No. 1062, at 4.  On February 15, 2005, the Government filed the operative Superseding Indictment, charging Mr. Perkins with the aforementioned four counts, and on July 15, 2005, after a 3-month jury trial, the jury returned a guilty verdict against Mr. Perkins on all charges.

On May 2, 2006, Mr. Perkins was sentenced to fifty-seven months – where the sentencing guideline range recommended 57-71 months — on Counts 1, 2, and 15, to run concurrently, and thirty years – a mandatory minimum sentence, which is required to run consecutively – on Count

16.  *See* Judgment, ECF No. 623 (imposing an aggregate sentence of 417 months, or 34 years and nine months).  Mr. Perkins appealed from his conviction, but the conviction was affirmed by the Court of Appeals for the District of Columbia Circuit ("D.C. Circuit).  *See United States v. Burwell*, *et al.*, 642 F.3d 1062 (D.C. Cir. 2011).  On October 11, 2012, Mr. Perkins filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255.  *See* Motion to Vacate, ECF No. 788 (alleging ineffective assistance of trial and appellate counsel).  This Court denied Defendant's motion and declined to issue a Certificate of Appealability.  Order, ECF No. 876; Memorandum Opinion, ECF No. 877.

Defendant filed thereafter his [1041] *pro se* petition with the D.C. Circuit for leave to file a second or successive motion pursuant to Section 2255, based on *Johnson v. United States*, 576 U.S. 591 (2015).  The D.C. Circuit granted the petition on June 23, 2016, finding that Defendant could properly file a second § 2255 motion to challenge his § 924(c) conviction pursuant to *Johnson*.  *See* D.C. Circuit Order, ECF No. 962, at 1 (where the D.C. Circuit noted that Defendant "challenge[d] his sentence for violation 18 U.S.C. § 924(c), which he alleges contains a residual clause that is materially identical to the residual clause of the Armed Career Criminal Act . . . that the Supreme Court held was unconstitutionally vague in Johnson.")

Following is a bit of history that puts the *Johnson* case in context.  In January 2005, the Supreme Court of the United States "severed  and excised" 18 U.S.C. § 3553(b)(1) - the provision that made the Guidelines mandatory - with the result that the Guidelines were made "effectively advisory." *United States v. Booker*, 543 U.S. 220, 245 (2005).  On June 26, 2015, the Supreme Court in *Johnson v. United States* held that the residual clause of the Armed Career Criminal Act ("ACCA"), § 924(e)(2)(B)(ii), is unconstitutionally vague.  576 U.S. at 606.  Then, on April 18, 2016, the Supreme Court held in *Welch v. United States*, 578 U.S. 120 (2016), that its decision in

*Johnson* announced a substantive rule that has a retroactive effect in cases on collateral review. *Id.* at 1268.

In *United States v. Sheffield*, the Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit") extended the reasoning of *Johnson* to the United States Sentencing Guidelines ("U.S.S.G."), finding that the similarly worded residual clause of U.S.S.G. § 4B1.2(b) is also unconstitutional under the void-for-vagueness doctrine. *Sheffield*, 832 F.3d 296, 312-13 (D.C. Cir. 2016). In *Beckles v. United States*, 580 U.S. 256 (2017), however, the Supreme Court held that the residual clause of U.S.S.G. § 4B1.2(a)(2) is not void for vagueness. *Id.* at 259. Although *Beckles* overruled *Sheffield* for advisory guidelines cases, the Supreme Court in *Beckles* noted that its holding did not render the Sentencing Guidelines immune from constitutional scrutiny, including scrutiny under the due process clause. *Id.* at 266-269. Rather, the majority opinion of the Supreme Court held specifically that the void-for-vagueness doctrine was inapplicable to the advisory Sentencing Guidelines. *Beckles*, 580 U.S. at 268. The Supreme Court explained: "Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. *Id.* at 263.[2]

Subsequently, in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (U.S. 2018), the Supreme Court applied the reasoning in *Johnson* to 18 U.S.C. § 16(b) and declared the residual clause therein void for vagueness. In *United States v. Eshetu*, on a panel rehearing, the D.C. Circuit

---

[2] In *Beckles*, the Supreme Court emphasized the distinction between the advisory nature of the Guidelines today and the mandatory nature of the Guidelines pre-*Booker*. While the Guidelines "were initially binding on district courts," the decision in "*Booker* rendered them 'effectively advisory.'" 580 U.S. at 265 (quoting *Booker*, 543 U.S at 245). The Guidelines are now just "one of the sentencing factors" courts are required to consider. *Id.* at 264 (citing 18 U.S.C. § 3553(a)).

applied the reasoning from *Johnson and Dimaya* to vacate in part the decision in *United States v. Eshetu*, 863 F.3d 946 (D.C. Cir. 2017) and hold that the nearly identical residual clause in 18 U.S.C. § 924(c)(3)(B) is void for vagueness.  *Eshetu*, 898 F.3d 36, 38 (D.C. Cir. 2018); *see also United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (reaching the same result, *i.e.,* that the residual clause in 18 U.S.C. § 924(c)(3)(B) is void for vagueness).  Finally, in this long line of cases, in 2021, the Supreme Court issued its decision in *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021), holding that the ACCA's similarly-worded elements clause requires a *mens rea* greater than recklessness.

In light of these holdings, Mr. Perkins supplemented his Section 2255 motion.  Mr. Perkins asserts two claims as follows: (1) aiding and abetting an armed bank robbery does not constitute a "crime of violence" under the elements clause after *Johnson* and *Davis, see* Def.'s Mot., ECF No. 1062, at 10-23; and (2) the elements clause of § 924(c) is void for vagueness.  *Id.* at 24-34.  The Government contends first, that Defendant's "void for vagueness" claim is "not based on *Johnson* or *Davis"* and accordingly is "not properly before the Court in this successive section 2255 motion;" and second, that the crime of federal bank robbery (or aiding and abetting the same) falls within the elements clause.  Govt. Opp'n, ECF No. 1094, at 1.  Furthermore, the Government asserts that Defendant is procedurally barred from raising his claims.  *Id.* at 9-11.  All supplemental briefing has been completed, and Defendant's [1062] Supplemental Motion to Vacate Judgment is now ripe for resolution.  For the reasons explained below, Defendant's Supplemental Motion to Vacate is DENIED.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the

prisoner believes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "The circumstances under which such a motion will be granted, however, are limited in light of the premium placed on the finality of judgments and the opportunities prisoners have to raise most of their objections during trial or on direct appeal." *United States v. Burwell*, 160 F. Supp. 3d 301, 308 (D.D.C. 2016) (Kollar-Kotelly, J.)

In order "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). A prisoner may not raise a claim as part of a collateral attack if that claim could have been raised on direct appeal, unless he can demonstrate either: (1) "cause" for his failure to do so and "prejudice" as a result of the alleged violation, or (2) "actual innocence" of the crime of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Nonetheless, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

### III. DISCUSSION

This is Defendant's second Section 2255 motion. As noted, the D.C. Circuit authorized the filing of Defendant's instant motion to challenge his Section 924(c) conviction pursuant to *Johnson*. *See* Order, ECF No. 962 ("Petitioner challenges his sentence for violating 18 U.S.C. § 924(c), which he alleges contains a residual clause that is materially identical to the residual clause of the Armed Career Criminal Act . . . that the Supreme Court held unconstitutionally vague in Johnson[.]") In this case, the D.C. Circuit found that Mr. Perkins made a "prima facie showing

that his claim relies on a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review." *Id.* (citations omitted).  The D.C. Circuit "expresse[d] no opinion, [however], as to the merits of [Defendant's] claim." *Id.*

### A. Defendant's Claim that the Elements Clause is Void for Vagueness is Not Properly before this Court

The Government focuses its argument first on Defendant's second claim, that the elements clause is void for vagueness.  The Government argues that, in contrast to Defendant's first claim that "aiding and abetting a federal bank robbery is not a crime of violence under the elements clause following the invalidation of the residual clause," Govt. Opp'n, ECF No. 1094, at 6, which is "simply an application of the principle established in *Johnson*," Defendant's second claim is not.  *Id.* (quoting Def.'s Mot., ECF No. 1062, at 38).  "The D.C. Circuit simply did not authorize a second motion under 28 U.S.C. § 2255 to challenge the *elements clause* of § 924(c) as being unconstitutionally vague, a challenge that is not based on the new rule of constitutional law announced in *Johnson* regarding the residual clause."  Govt. Opp'n, ECF No. 1094, at 7 (emphasis in original).  The Government contends, and this Court agrees, that Defendant's challenge of the elements clause as unconstitutionally vague is "not the right that was newly recognized by the Supreme Court and made retroactively applicable in *Johnson*, and it is not the claim that was certified by the D.C. Circuit."  Govt. Opp'n, ECF No. 1094, at 6-7.

Because Defendant's challenge to the elements clause is beyond the scope of the D.C. Circuit's authorization, this Court has no jurisdiction to consider that challenge.  *See United States v. Sumner*, 597 F. Supp. 3d 120, 131 (D.D.C. 2022) (Kollar-Kotelly, J.) (The defendant cannot, in his second Section 2255 motion, "add an entirely new claim for relief or assert a previously unannounced constitutional challenge to a federal criminal statute" and Defendant's purported reliance on *Johnson* as the basis for his challenge does not change this); *see generally United States*

*v. Murphy*, 887 F.3d 1064, 1069 (10th Cir. 2018) (finding that a defendant sentenced under the enumerated clause of the ACCA did not fulfill the requirements for filing a second or successive habeas motion, based on *Johnson*, because his sentence "did not rest on the residual clause" and his motion contained "no previously unavailable rule of constitutional law that would invalidate his sentence under the <u>enumerated offense</u> clause") (emphasis in original).  The claim asserted by Mr. Perkins – that the elements clause is void for vagueness – was not recognized in *Johnson* or *Davis*.  Accordingly, this claim by Defendant shall not be considered by this Court as it is neither within the scope of the D.C. Circuit's authorization nor does it rely upon *Johnson*.[3]  Before turning to Defendant's other claim – that aiding and abetting an armed bank robbery is not a crime of violence under the elements clause – the Court must address the Government's allegation that Defendant is barred from raising this claim.

### B. Defendant's Remaining Claim is Not Procedurally Defaulted

The Government argues that "[w]here a defendant fails to raise an available challenge on direct appeal, he is procedurally barred from raising the claim in a subsequent collateral attack unless he shows cause for his failure to do so and prejudice as a result of the failure."  Govt. Opp'n, ECF No. 1094, at 9 (citations omitted).  The Government acknowledges that this Court has rejected the Government's procedural default argument with regard to *Johnson* claims, but the Government "raises the procedural default argument here in order to preserve it for the record. . . " *Id.; see United States v. Sumner*, 597 F. Supp. 3d at 135 (finding that "the novelty of Defendant's

---

[3] The Government notes that "courts have rejected similar challenges from defendants claiming that the elements clause (also known as the force clause) in the ACCA is void for vagueness." Govt. Opp'n, ECF No. 1094, at 24-25 (refencing *United States v. Walker*, 793 Fed. Appx. 865, 870 (11th Cir. 2019) (not reported) and analyzing *United States v. Pendleton*, 894 F.3d 978, 982 (8th Cir. 2018) (contrasting the features of the residual clause with those of the force clause)). Defendant does not address these cases in his Reply.

[*Johnson*] claim cannot be denied" and furthermore, "the constitutional right vindicated in *Johnson* was unforeseeable").

Not only has this Court rejected the Government's procedural default argument, but as Defendant notes, "[i]n fact, every judge on this Court to consider this issue has rejected the government's arguments on this issue." Def.'s Reply, ECF No. 1103, at 2 (citing *United States v. Sorto*, No. 08-cr-167, 2022 WL 558193, at *2 (D.D.C. Feb. 24, 2022) (Leon, J.) (internal quotation marks omitted), at 5-6 (string citing cases from this Court); *see Sumner*, 597 F. Supp. 3d at 135 ("With regard to the Government's argument that Mr. Sumner procedurally defaulted his claims, this Court agrees with the other judges from this Circuit who have rejected the procedural hurdles that the Government asserts impeded Mr. Sumner from obtaining relief."); *see also United States v. Smith*, 605 F. Supp. 3d 1, 6-7 (D.D.C. 2022) (same).

Furthermore, Mr. Perkins asserts that he "shows cause and prejudice" excusing the default. *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008). The "cause requirement may be satisfied under certain circumstances when a procedural default is not attributable to an intentional decision by counsel made in pursuit of his client's interests," such as when counsel fails "to raise a constitutional issue reasonably unknown to him." *Reed v. Ross*, 468 U.S. 1, 14 (1984). "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim[.]" *Id.* at 16. In the instant case, Mr. Perkins explains that at the time of his sentencing, direct appeal, and his first Section 2255 motion, the existing case law precedent rejected the argument that the residual clause was unconstitutionally vague. Def.'s Reply, ECF No. 1102, at 3.

In this case, the novelty of Defendant's claim cannot be denied as the D.C. Circuit noted that, "it is fair to say that no one—the government, the judge, or [the defendant]—could reasonably

have anticipated *Johnson*." *United States v. Redrick*, 841 F.3d 478, 480 (D.C. Cir. 2016). Thus, "[u]ntil the Supreme Court announced its new rule in *Johnson*, [defendant] did not have a reasonable basis upon which to challenge the constitutionality of [the Guidelines'] residual clause." *United States v. Charles Booker*, 240 F. Supp. 3d 164, 170 (D.D.C. 2017); *United States v. Brown*, 249 F. Supp. 3d 287, 292-93 (D.D.C. 2017) (same). Moreover, the Supreme Court has unequivocally announced that the rule in *Johnson* is applicable retroactively on collateral review. Accordingly "because the constitutional right *Johnson* vindicated was unforeseeable, Mr. Perkins has established cause." Def.'s Reply, ECF No. 1102, at 4 (internal quotation marks and string cite omitted).

To demonstrate prejudice, a petitioner "must *at least* demonstrate that 'there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different.'" *United States v. Pettigrew*, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (quoting *United States v. Dale*, 140 F.3d 1054, 1056 n.3 (D.C. Cir. 1998)) (emphasis and alternations in original). With regard to prejudice, Mr. Perkins argues that he "would not have a § 924(c) conviction, meaning his sentence would likely have been 30 years shorter." Def.'s Reply, ECF No. 1102, at 4. The D.C. Circuit has recognized that a defendant bringing a claim under § 2255 suffers prejudice when, in light of new case law, he "would have been sentenced to prison for . . . less than the imposed sentence." *United States v. McKie*, 73 F.3d 1149, 1154 (D.C. Cir. 1996); *accord Brown*, 249 F. Supp. 3d at 293 ("The possibility that Mr. Brown's sentence will be reduced by at least five years . . . establishes prejudice"); *Charles Booker*, 240 F. Supp. 3d at 170 (same). In this case, Mr. Perkins contends that if his argument about his § 924 conviction "is right, which must be assumed for prejudice purposes, his sentence, in all likelihood, is too long." Def.'s Reply, ECF No. 1102, at 5 (quoting *Hammond*, 354 F. Supp. 3d at 42.)

Accordingly, the procedural default rule may be excused because Mr. Perkins has demonstrated cause and prejudice, and there is uniform authority from this Circuit that the procedural default rule should be excused in cases where defendants seek the benefit of *Johnson*. This Court agrees with other judges from this Circuit who have rejected the procedural hurdles that the Government asserts impede Mr. Perkins from obtaining relief.  *See, e.g., United States v. Navarro Hammond*, 351 F. Supp. 3d at 123-124 (rejecting procedural default argument for post-*Johnson* § 2255 motion); *United States v. Carter*, 422 F. Supp. 3d 299, 309-311 (D.D.C. 2019) (same); *United States v. West*, 314 F. Supp. 3d 223, 229 n.4 (D.D.C. 2018) (same); *United States v. Brown,* 249 F. Supp. 287, 293 (D.D.C. 2017) (same).  The Court turns now to Defendant's argument that aiding and abetting an armed robbery is not a crime of violence under the elements clause.

### C. Defendant Claims that Aiding and Abetting an Armed Robbery is not a "Crime of Violence" under the Elements Clause

Section 924(c) makes it a crime to use or carry a firearm during and in relation to a "crime of violence."  *See* 18 U.S.C. § 924(c)(1). This offense carries a mandatory minimum of 30 years where the firearm is a machinegun (without reliance on whether the machinegun was brandished or discharged, or whether the defendant knew that the weapon was a machinegun).  *See* 924(c)(1)(A)-(B); *see also United States v. Burwell*, 690 F.3d 500, 516 (D.C. Cir. 2012) (wherein the Court, in a divided opinion, determined that the government was not required to prove the defendant knew that the weapon he carried was capable of firing automatically in order to trigger the 30-year minimum).  The 30-year minimum "must be in addition to and consecutive to" any other sentence, including the sentence for the underlying predicate offense.  *Dean v. United States*, 137 S. Ct. 1170, 1174 (2017).

A Section 924(c) violation requires that the government prove two elements: (1) the

defendant used or carried a firearm; and (2) it was during and in relation to a "crime of violence." *See* 18 U.S.C. § 924(c)(1).  Pursuant to the elements clause (when Mr. Perkins was sentenced), a "crime of violence"  was a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"  18 U.S.C. § 924(c)(3)(A).  Defendant notes that "physical force" means "*violent* force – that is, force capable of causing pain or injury to another person."  Def.'s Mot., ECF No. 1062, at 11 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original)).

Mr. Perkins argues that he no longer qualifies for an enhanced sentence in light of the Supreme Court's holding in *Johnson* because his offense of aiding and abetting an armed bank robbery does not qualify as a crime of violence.  "In order to prevail on the merits of his motion, [Mr. Perkins] must show that his convictions are not [crimes of violence] under either the elements clause or the enumerated clause, which remain valid after <u>Johnson</u>" as opposed to the residual clause.  *Charles Booker*, 240 F. Supp. 3d at 169.  The Court notes however that the enumerated clause is not at issue in this case, so all arguments herein focus on the elements clause.

### 1. <u>Employing a Modified Categorical Approach</u>

The parties agree that the statute defining armed bank robbery that is applicable in this case is 18 U.S.C. Section 2113(a) and (d).  Section 2113(a) states that:

> Whoever by force or violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

*Id.*  Section 2113(d) states that:

> Whoever, in committing, or in attempting to commit, any offense, defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

*Id.*

In determining whether an offense qualifies as a "crime of violence" under the elements clauses, courts must use a categorical approach, looking at the elements of the crime itself as defined by state of federal law, as opposed to the way in which the crime was committed by the defendant.  *United States v. Battle,* 927 F.3d 160, 164 (4th Cir. 2019).  Courts "consider the offense generically" by examining the offense only "in terms of how the law defines the offense and not in terms of how" the individual defendant "might have committed it on a particular occasion."  *Sheffield,* 832 F.3d at 314 (quotation omitted); *see also Borden v. United States,* 141 S. Ct. 1817, 1822 (2021) (discussing the so-called "categorical approach).  Under such a categorical approach, facts underlying the prior convictions are "irrelevant."  *Mathis v. United States,* 579 U.S. 500, 513 (2016); *see id.* ("Find them or not, by examining the record or anything else, a court still may not use them to enhance a sentence.")

In applying a categorical approach, courts look "only to the statutory definitions —*i.e.*, the elements — of a defendant's [offenses] and *not* to the particular facts underlying those convictions."  *Descamps v. United States,* 570 U.S. 453, 261 (2013) (emphasis in original, quotation marks and citation omitted); *see Mathis,* 579 U.S. at 504 (explaining that elements are "constituent parts" of the way in which a crime is legally defined, while facts are "extraneous to the crime's legal requirements"). "The focus is instead on whether the elements of the statute of conviction" necessarily require the defendant's "use, attempted use of threatened use of physical force against the person of another."  *Borden,* 141 S. Ct. at 1822.  A "conviction qualifies as [a] predicate only if the statute's elements are the same as, or narrower than, those of the generic offense."  *Sheffield,* 832 F.3d at 314 (quoting *Descamps,* 133 S. Ct. at 2281).  Accordingly, "[i]f

any – even the least culpable – of the acts criminalized do not entail" violent physical force, then the offense does not qualify as a "crime of violence." *See Borden*, 141 S. Ct. at 1822.   And this concept applies even if the defendant actually used violent force in committing the offense.  *Id.*; *Montcrieffe v. Holder*, 569 U.S. 184, 191-92 (2013).

In the instant case, Defendant asserts that this categorical rule applies, and armed bank robbery under 18 U.S.C. §§ 2113(a), (d) is "not a crime of violence, because the range of conduct it criminalizes encompasses non-violent means."  Def.'s Mot., ECF No. 1062, at 12. In contrast, the Government argues that a modified categorical approach is appropriate because the bank robbery statute is divisible, and federal bank robbery is a crime of violence under the elements clause.  When a statute of conviction "list[s] elements in the alternative, and thereby define[s] multiple crimes," *i.e.*, the statute is "divisible," the Court may use a "modified categorical approach."  *Mathis*, 579 U.S. at 505.  Elements are "the things the prosecution must prove to sustain a conviction," in contrast to factual means, which are the "circumstances or events having no legal effect or consequences."  *Id.* at 504.

Under this modified categorical approach, courts determine which alternative formed the basis of the defendant's conviction and apply the categorical approach to that alternative only. *Descamps*, 570 U.S. at 257.  The sentencing court may look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of."  *Mathis*,  579 U.S. at 505.  This approach is used only for statutes "that list[ ] multiple elements disjunctively," *id.*, but a "statute's listing of disjunctive means does nothing to mitigate the possible unfairness of basing an increased penalty on something not legally necessary to a prior conviction." *Id.* at 513.

Defendant asserts that the "key to distinguishing indivisible and divisible statutes lies in

what the law says the jury must find unanimously to return a conviction."  Def.'s Mot., ECF No. 1062, at 14; *See Decamps*, 570 U.S. at 270-271 (facts that need to be found unanimously are "elements" (divisible statute) and facts that need not be found unanimously are "means" (indivisible statute)).  The general rule is that statutes are indivisible.  *See, e.g., Decamps*, *id.* at 261(statutes divisible in a "narrow range of cases"); *United States v. Sheffield*, 832 F.3d 296, 314 (D.C. Cir. 2018) (statutes divisible in "rare instances").  Defendant argues that case law from some circuits indicates that Section 2113(a) "includes both 'by force and violence, or intimidation' and 'by extortion' as separate means of committing the offense"  Def.'s Mot., ECF No. 1062, at 15 (citing *United States v. Ellison*, 866 F.3d 32, 36 n.2 (1st Cir. 2017)). The Government notes that "*Ellison* holds, post-*Johnson,* that a conviction for federal bank robbery qualifies as a crime of violence under the career offender guideline," and furthermore, the divisibility of the statute was not addressed therein.  Govt. Opp'n, ECF No. 1094, at 17.

Defendant relies also on *United States v. Williams*, 841 F.3d 656, 660 (4th Cir. 2016), but that case did not speak to divisibility of the robbery statute; instead, the court distinguished between guidelines for robbery and burglary, and in that context, the court noted that "only the burglary guideline applies in this case, because [the defendant's] indictment omits the robbery element of force and violence, intimidation, or extortion."  Defendant cites also *United States v. Askari*, 140 F.3d 536 (3d Cir. 1998) (en banc), *vacated on other grounds*, 159 F.3d 774 (3d Cir. 1998) to support his claim that the federal robbery statute lists multiple means but is not divisible. Defendant relies on the proposition that "[i]f there is no taking by extortion, actual or threatened force, violence, or intimidation, there can be no valid conviction for bank robbery under 18 U.S.C. § 2113(a)."[4]  *Id.* at 548.  But, the *Askari* case "does not address the divisibility of § 2113(a) for

---

[4] This Court notes that, in *Askari*, the court prefaced that sentence first by noting that "[t]he

purposes of a categorical analysis under *Johnson* and *Davis*," instead, it examines the question of

whether a defendant convicted of a "crime of violence" under U.S.S.G. § 4B1.2 could qualify for

a downward departure based on diminished capacity pursuant to U.S.S.G. § 5K2.13.   That

sentencing guideline directs the sentencing court to examine the violent nature (or not) of the

defendant's offense but does not reference the definition of "crime of violence" from U.S.S.G. §

4B1.2."  Govt. Opp'n, ECF No. 1094, at 16; *see Askari*, 140 F.3d at 542-43.  The Government

concludes correctly that *Askari* does not "address the definition of crime of violence from U.S.S.G.

§ 4B1.2 – the definition that is at issue here[.]"  *Id.* Accordingly, the Court finds that Defendant

has not provided any precedent demonstrating that the federal bank robbery statute is indivisible

and that extortion is therefore the least culpable means of committing that offense.

In further response to Defendant's argument that the statute is indivisible, the Government

asserts that:

> Precedent from every circuit to address this argument holds that § 2113(a) is divisible and
> establishes two separate offenses of bank robbery and bank extortion.  *See King v. United
> States*, 965 F.3d 60, 70 (1st Cir. 2020) ("[R]obbery and extortion under § 2113(a) are
> alternative elements of distinct offenses."); *United States v. Evans*, 924 F.3d 21, 28 (2d Cir.
> 2019) ("[W]e agree with the Ninth Circuit that § 2113(a) contains at least two separate
> offenses, bank robbery and bank extortion.") (citing *United States v. Watson*, 881 F.3d 782,
> 786 (9th Cir. 2018)); *In re Jones*, No. 16-14106, 2016 U.S. App. WL 23578, at *12 (11th
> Cir. July 27, 2016) ("[E]xtorting money from a bank . . . clearly constitutes a separate crime
> that is not 'armed bank robbery.'")

Govt. Opp'n, ECF No. 1094, at 15; *see King*, 965 F.3d at 68 (looking at the language of the statute

and finding that "[b]y distinguishing between take and obtain, the syntax of the first paragraph of

---

requirement that the property be taken either "by force or violence" of "by intimidation" requires
proof of force or threat of force as an element of the offense."  140 F.2d at 548.  Second, the court
noted that, with regard to extortion "as used in 18 U.S.C. 2113(a)[,] [it] means obtaining property
from another person, without the other person's consent, induced by the wrongful use of actual or
threatened force, violence, or fear."  *Id.*

§ 2113(a) tracks the common law differences between the offenses of robbery (a taking against the victim's will) and extortion (obtaining with the victim's consent)") (internal citations omitted), *id.* at 68-69 (finding that the federal bank robbery statute defines separate crimes of robbery and extortion is consistent with the analogous Hobbs Act robbery statute); *see also United States v. Hammond*, 354 F. Supp. 3d 28, 49 (D.D.C. 2018) ("Section 2113(a) appears to be divisible, which is to say the statute describes distinct crimes.") (citing *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016) (explaining a divisible statute)).

This Court agrees with the Government that the weight of legal authority supports the proposition that § 2113(a) is divisible and establishes two separate offenses of bank robbery and bank extortion.  Moreover, the Government proffers that "defendant's claim that federal armed bank robbery is not a crime of violence is simply incorrect, and is at odds with every single Circuit to have addressed this issue – including the D.C. Circuit – all of which have found that federal armed bank robbery remains a crime of violence under the elements clause after *Johnson* and *Davis*."  *Id.* at 14; *see United States v. Carr*, 946 F.3d 598, 607 (D.C. Cir. 2020) (where the D.C. Circuit opined that "bank robbery under Section 2113(a) categorically involves the use or threatened use of force" and indicated that it was "join[ing] nine of [its] fellow circuits in holding that bank robbery under Section 2113(a) is categorically a crime of violence under the elements clause of the Guidelines.") The D.C. Circuit noted that this "was true before *Johnson*, and it remains true today."  *Id.*

While Defendant urges the Court to ignore *Carr* on grounds that the D.C. Circuit only considered bank robbery "by intimidation" and not bank robbery by extortion, Def.'s Mot., ECF No. 1062, at 18 n.8, this argument relies on the assertion that the statute is not divisible into two separate crimes of bank robbery and bank extortion, a proposition that is rejected by this Court in

its discussion above.  Accordingly, because the Court has found that the weight of authority supports the divisibility of the federal bank robbery statute, the Court employs the modified categorical approach propounded by the Government.  And in this case, the Court need only look at the indictment to determine that Mr. Perkins was charged with robbery by force and violence, as opposed to extortion. Defendant was charged with Armed Bank Robbery under 18 U.S.C. §§ 2113(a) and (d), and (2).  *See* Superseding Indictment, ECF No. 175, at 29 (stating that Defendant "did assault and put in jeopardy the life of a person by the use of a dangerous weapon in the commission of the offense of bank robbery," and "while armed with firearms, by force and violence, did take from the person or presence of another money.")  The Superseding Indictment contains no references to extortion, and accordingly, Mr. Perkins was convicted of armed bank robbery by force and violence, which is a crime of violence under the elements clause after *Johnson* and *Davis,* as indicated by *Carr.*

### 2. <u>Aiding and Abetting a Crime of Violence</u>

Defendant argues further that even if armed bank robbery is determined to be a "crime of violence," Mr. Perkins conviction "should still be vacated because he was convicted of *aiding and abetting* an armed bank robbery, in violation of 18 U.S.C. § 2, *see* ECF No. 175 at 30, and aiding and abetting does not require any use of force."  Def.'s Mot., ECF No. 1062, at 21.[5]  Defendant asserts that, in applying a categorical approach to the elements for aiding and abetting, it is

---

[5] The aiding and abetting statute provides in relevant part:

(a) Whoever commits an offense against the United States or aids, abets, . . . or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2 (2005).

"plausible that a defendant could aid and abet a robbery without ever using, threatening, or attempting any force at all." Def.'s Mot., ECF No. 1062, at 22 (citing *In re Colon*, 826 F.3d 1301, 1306 (11th Cir. 2016) (Martin, J., dissenting)).

The Government responds by noting that Mr. Perkins was charged with Armed Bank Robbery, pursuant to 18 U.S.C. § 2113(a), and Aiding and Abetting the same, pursuant to 18 U.S.C. § 2. *See* Indictment, ECF No. 175; *see also* Verdict Form, ECF No. 475 (leaving it unclear whether Defendant was convicted only, or at all, under an aiding and abetting theory). The Government contends that even if Mr. Perkins were convicted on the aiding and abetting charge, "an aider and abettor is 'punishable as a principal' and is 'thus no different for purposes of the categorical approach than one who commits the substantive offense.'" Govt. Opp'n, ECF No. 1094, at 19 (citing *United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018)); see *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021) ("[A]iding and abetting a crime has the exact same elements as the principal offense. Because there are no new elements on which the categorical approach can operate, it is impossible for the analysis of aiding and abetting a crime to come out differently than the principal crime. Therefore, aiding and abetting a crime of violence is also categorically a crime of violence.")

Defendant suggests that with regard to charges of aiding and abetting, this Court may look at how courts have treated conspiracies, such as a conspiracy to commit robbery, which is not a crime of violence, Def.'s Mot., ECF No. 1062, at 23; *see, e.g., United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc). Defendant argues that "[t]he minimum criminal conduct required for an aiding and abetting conviction, much like conspiracy, does not *necessarily* involve any actual, attempted, or threatened use of physical force." Def.'s Mot., ECF No. 1062, at 23; *see Montcrieffe*, 569 U.S. at 185 (requiring that the Court presume the conviction "rested upon nothing

more than the least of the acts criminalized").  Defendant's reliance on conspiracy charges fails however as the Government notes correctly that, [u]nlike conspiracy and attempt, aiding and abetting is not a separate crime but simply eliminates the legal distinction between aiders and abettors and principals."  Govt. Opp'n, ECF No. 1094, at 20 (quoting *United States v. Dieter*, 890 F.3d 1203, 1215 (10th Cir. 2018).  Therefore, courts should look to the "underlying statute of conviction, rather than § 2, to decide whether the elements clause is satisfied."  *See Dieter*, *id.* (holding that aiding and abetting an armed bank robbery is a crime of violence for purposes of the ACCA); *see also In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that a conviction for aiding and abetting Hobbs Act robbery qualifies as a crime of violence under § 924(c) even though Hobbs Act conspiracy may not).  This Court finds that aiding and abetting is not analogous to conspiracy, and accordingly, even if Mr. Perkins were convicted on a charge of aiding and abetting, it is the underlying statute of conviction that determines whether the elements clause is satisfied. In this case, aiding and abetting a crime of violence is a crime of violence.

### D. <u>Summary Denial is Appropriate</u>

Defendant's motion raises legal issues that do not require an evidentiary hearing for resolution.  Accordingly,  a summary denial is appropriate because "[a] judge need not conduct an evidentiary hearing before denying a petition for relief under § 2255 when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996) (quoting 28 U.S.C. § 2255).

### IV. CONCLUSION

Upon a searching review of the parties' submissions, the relevant authorities, and the record as a whole, the Court finds that Mr. Perkins' [1062] Supplemental Motion to Vacate Judgment under 28 U.S.C. § 2255 shall be DENIED.  With regard to Mr. Perkins' claim challenging the

residual clause in 18 U.S.C. Section 924(c), the Court finds first that this claim is not procedurally defaulted.  However, Defendant's claim that aiding and abetting an armed bank robbery is not a crime of violence fails because: (1) the weight of legal authority supports the proposition that the federal armed bank robbery statute is divisible and thus a modified categorical approach is applicable; and (2) under this modified categorical approach, the Superseding Indictment indicates that Mr. Perkins was convicted of armed bank robbery by force and violence; and (3) armed bank robbery is a crime of violence under the elements clause, as indicated in the D.C. Circuit's decision in *Carr* (and consistent with legal authority from other circuits); and (4) even if Defendant's conviction was based on aiding and abetting an armed bank robbery, with aiding and abetting, it is the underlying statute of conviction that determines whether the elements clause is satisfied.

This Court declines to consider Mr. Perkins' claim that the elements clause is void for vagueness as this claim neither relies upon *Johnson* nor is it within the scope of the D.C. Circuit's authorization of Defendant's second Section 2255 motion.

A separate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT COURT